# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARC JACOBSON,<br><br>                Plaintiff,<br><br>    v.<br><br>DENNIS BROWNE and FRANK CONTE,<br><br>                Defendants. | Case No. 11 C 4841<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Marc Jacobson's (hereinafter, "Jacobson") Motion to Remand [14] this case to the Circuit Court of Cook County. For the reasons that follow, the Motion is granted. Defendants' pending Motion to Dismiss for Lack of Jurisdiction [6] is denied as moot in light of this ruling.

## I. BACKGROUND

The following facts are taken from Jacobson's Complaint and the parties' submissions. Jacobson is an insurance provider operating as a sole proprietorship under the name Marc Jacobson & Associates, with his principal place of business in Northbrook in Cook County, Illinois. Defendants Dennis Brown and Frank Conte (collectively, the "Defendants") are insurance providers and residents of Pennsylvania who do business in Cook County as The Conte-Browne Group, LLC.

Jacobson entered into separate, but identical, consultant agreements with Defendants on July 1, 2003. The agreements provided for a commission split between Jacobson and Defendants for all business derived from participation in the Coldwell Banker Sales Associates Flexible Benefit Program of Pennsylvania, including the sale of variable annuity contracts. The contracts provided that the parties would divide insurance commissions, with Jacobson keeping 25 percent and Defendants keeping 75 percent.

On June 3, 2011, Jacobson filed a two-count Complaint in the Municipal Department of the Cook County Circuit Court alleging that Defendants had failed to pay Jacobson the commissions to which he was entitled in breach of those agreements. Against each Defendant, he sought "an amount not less than $30,000, plus statutory interest to be proved up at trial or hearing of this cause and for such other and further relief as this Court deems just and equitable."

Defendants removed the case to this Court on the basis of both federal question and diversity jurisdiction. Attached to the removal notice was an August 9, 2010, letter from Wendy Rosen, Director of Operations for Marc Jacobson & Associates (hereinafter, the "Rosen Letter"), stating that Jacobson had not received the commission split to which he was entitled for accounts worth $751,000. Based on a 25 percent share, Jacobson's portion of those commissions would amount to $187,750. Defendants characterize this

as a demand letter. Defendants additionally contended in their notice of removal that federal question jurisdiction is present because the contracts covered the sale of variable annuity contracts which are deemed securities under the Securities Exchange Act of 1934.

Plaintiff now seeks to remand the case, arguing that removal was improper because the amount in controversy fails to satisfy the jurisdictional requirement of more than $75,000 for diversity jurisdiction, and because federal question jurisdiction does not exist. Included with the Motion to Remand is an affidavit from Jacobson in which he asserts that the total amounts owed by both Defendants will not exceed $30,000.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), removal is proper if the case originally could have been brought in federal court either on the basis of diversity jurisdiction or federal question jurisdiction. This Court must remand the case to state court if it is apparent that this Court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

Here, diversity of citizenship is undisputed, but the parties contest whether the amount-in-controversy requirement is met. In a removal case, the amount in controversy is the amount required to satisfy the plaintiff's demands in full on the date the suit was removed. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–511 (7th Cir.

2006). Because Defendants are the proponents of jurisdiction, they must show by a preponderance of the evidence facts that suggest the amount in controversy requirement is met. *Id.* at 511. Once the Defendants have established the requisite amount in controversy, Jacobson can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.*

Additionally, a case can be removed from state to federal court if it is within the original jurisdiction of the federal courts. *Vivas v. Boeing Co.*, 486 F.Supp.2d 726, 729 (N.D. Ill. 2007). Typically, this requires the court to apply the well-pleaded complaint rule to determine whether a federal question is presented on the face of the complaint. *Id.* But in some situations, the court can determine whether the plaintiff has artfully pleaded his claim in order to avoid federal jurisdiction. *Id.* Regardless of the jurisdictional basis asserted, "[t]he burden of establishing federal jurisdiction falls on the party seeking removal, and any doubt regarding jurisdiction should be resolved in favor of remand." *XL Specialty Co. v. Vill. of Schaumburg,* 06 C 2299, 2006 WL 2054386, at *1 (N.D. Ill. July 20, 2006) (citing *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)).

### III. ANALYSIS

The Court will first address whether the amount in controversy requirement has been met so as to allow this Court to exercise diversity jurisdiction.

#### A. Diversity Jurisdiction

Under Illinois law, complaints cannot include an *ad damnum* except to the extent necessary to comply with the rules of the circuit court where the claim is filed. 735 Ill. Comp. Stat. 5/2-604. Here, Plaintiff's Complaint alleged that he sought an amount not less than $30,000 from each Defendant, plus statutory interest.

Defendants essentially argue that they were allowed to rely on the Rosen Letter to establish the amount in controversy, and that Jacobson's affidavit, coming as it did after removal, is of no value. Defendants hinge their argument in part on *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424 (7th Cir. 1997). There, the Seventh Circuit held that "post-removal affidavits or stipulations are ineffective to oust federal jurisdiction." *Id.* at 429.

This principle stems from *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938), in which the high court held that "(e)vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."

Defendants are correct that demand letters may be used for the purpose of determining the amount in controversy. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Here, however, it is not clear to the Court that the Rosen Letter is such a demand. Jacobson characterizes it instead as a request for accounting on accounts for which he believed he was entitled to commissions. The Rosen Letter is not a formal demand from Jacobson's counsel, although his attorney is copied on the letter. And while the letter requests payment, it also requests "documentation as to why Marc Jacobson was left off the commission split for the transferred accounts," leaving open the possibility of further investigation.

Importantly, as Jacobson points out, he filed his Complaint in the Second Municipal District, meaning that his damages were limited to a maximum of $100,000. *See*, General Orders of the Circuit Court of Cook County, 2.3(b)(2), *http://www.cookcountycourt.org/rules/index.html* (last visited October 31, 2011). It would have made little sense for Jacobson to file suit in the Second Municipal District if he actually sought to recover $187,750. In fact, Jacobson argues that his claim was never worth this much.

In deciding a motion to remand, this Court is to consider only the information that was available at the time the petition for removal was filed. *Chase*, 110 F.3d at 428. As such, the argument

that a post-removal affidavit by the plaintiff is of no value is often well-taken. This case presents a twist on that rule, however. Specifically, when the facts available at the time of removal are ambiguous, the Court may consider information submitted after removal, such as an affidavit by the plaintiff, in order to determine jurisdiction. *See Muzzupappa v. Black & Decker, Inc.*, No. 96 C 6053, 1996 WL 699632, at *1 n.2 (citing *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F.2d 559 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998)).

Defendants were not unreasonable in their belief that the Rosen Letter indicated that Jacobson sought damages in excess of the jurisdictional minimum. However, "[t]his does not change the fact that the case belongs in federal court only if the amount in controversy exceeds $75,000." *Vasquez v. CSX Transp.*, 08 C 5996, 2009 WL 1953052, at *2 (N.D. Ill. July 1, 2009). Here, Jacobson's affidavit makes it clear that it does not, and thus this Court does not have diversity jurisdiction. *See In re FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-1873, 2011 WL 2118726, at *2 (E.D. La. May 25, 2011) ("An affidavit, however, may suffice to defeat removal if it merely clarifies, rather than reduces, the demand asserted in a previously ambiguous petition.").

The cases Defendants rely on are not on all fours with the instant case because they involve circumstances in which it was

clear that the plaintiff originally sought more than the jurisdictional amount, but attempted to pull back on that request, post-removal, in an effort to avoid federal jurisdiction. *See Chase*, 110 F.3d at 430 (noting that plaintiff alleged a "laundry list" of serious injuries, made a settlement demand for more than twice the jurisdictional amount, and refused a request to admit that her damages were below the jurisdictional amount); *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) (finding remand inappropriate where allegations in complaint themselves showed the amount in question was greater than the jurisdictional minimum).

Here, Defendants' evidence is not nearly as strong, and it appears the Plaintiff's initial estimate of the amount he is allegedly due was wrong. Given the circumstances, the Court finds that Defendants did not carry their burden to show that the jurisdictional minimum was met at the time the case was removed. As such, this Court does not have diversity jurisdiction over Jacobson's claim.

**B. Federal Question Jurisdiction**

Defendants argue that federal question jurisdiction exists on the basis of the standard set out in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312-16 (2005). The Seventh Circuit has described *Grable* as requiring courts to inquire: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal

forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities?" *Samuel C. Johnson 1988 Trust v. Bayfield Cty., Wis.*, 649 F.3d 799, 801 (7th Cir. 2011). The Supreme Court has described the cases to which this doctrine applies as a "special and small category." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (U.S. 2006).

Defendants' argument on this point is thin at best. Defendants argue that all parties involved are members of the Financial Industry Regulatory Authority ("FINRA"), an independent regulator. The performance or non-performance of duties under the contracts, they contend, is governed by federal securities laws, specifically FINRA's regulations and rules. On a somewhat related note, in a motion to dismiss for lack of personal jurisdiction filed by Defendants prior to Jacobson's filing of the instant motion to remand, they allege that FINRA rules mandate arbitration for disputes among FINRA members, so this Court is not the appropriate forum to resolve this dispute.

The problem with Defendants' argument is that while FINRA's rules and regulations are approved by the Securities and Exchange Commission (the "SEC"), they are not enacted by that Congress or the SEC. As such, even if FINRA's rules are implicated in this state law breach of contract action, which is not at all clear to the Court, that does not present a substantial federal question

under the *Grable* rule. *Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co., Inc.*, 607 F.Supp.2d 967, 979 (E.D. Wis. 2009); *see also Ford v. Hamilton Invs., Inc.*, 29 F.3d 255, 259 (6th Cir. 1994) (holding that a breach of the rules of FINRA's predecessor organization did not present a substantial federal question). As such, this Court does not have federal question jurisdiction in this case, and it must be remanded to the Circuit Court of Cook County.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Remand [14] is granted. Defendants' Motion to Dismiss for Lack of Jurisdiction [6] is denied as moot.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　／s／ Harry D. Leinenweber
　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　United States District Court

**DATE:** 12/29/2011